IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTONIO FRANK PETTINATO,

      Plaintiff,

    v.

ALLEGHENY COUNTY AND MATT
MULLEN,

      Defendants.

11cv0448
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

Plaintiff, Antonio Frank Pettinato, filed this civil rights lawsuit against Defendants, Allegheny County and his probation officer, Matt Mullen. See Complaint at doc. no. 1 and Amended Complaint at doc. no. 16. Plaintiff was arrested and charged with four counts of driving under the influence and one count of exceeding the speed limit in 2006. Id. As a result of these charges, Plaintiff was placed on probation and admitted into Allegheny County's Accelerated Rehabilitative Disposition ("ARD") program. Id. Plaintiff complains that after successfully completing the ARD program and paying all fines associated with his criminal violations, Defendants filed a Motion to Revoke Plaintiff from the ARD program. Id. A bench warrant was issued, Plaintiff was arrested on April 5, 2007, and he remained in jail until April 9, 2007. Id. Plaintiff's Complaint avers that Defendants wrongfully incarcerated him during this period of time and thereby violated his civil rights. Id.

After Plaintiff filed his Complaint (doc. no. 1), Defendants filed a Motion to Dismiss to the Complaint pursuant to Fed.R.Civ.P. 12(b)(6), primarily arguing that Plaintiff's lawsuit was barred by the statute of limitations. See doc. no. 7. In response, Plaintiff filed a Motion to Amend the Complaint (doc. no. 14) which this Court granted. See doc. no. 17. Plaintiff filed

an Amended Complaint on June 20, 2011. Doc. no. 16. Defendant timely filed a renewed Motion to Dismiss and Brief in Support on June 23, 2011, and again, primarily asserted a statute of limitations defense. Doc. nos. 17 and 18. Plaintiff filed his Response to the Motion to Dismiss and Brief in Opposition to the renewed Motion to Dismiss on June 23, 2011. See doc. nos. 19 and 20. This matter is now ripe for adjudication.

## I. Standard of Review

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly*, 550 U.S. 54 and *Aschroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009), the United States Court of Appeals for the Third Circuit, recently explained that a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth.' *Id*. at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' *Id*. This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, No. 10-3539, 2011 F.3d WL 2044166, at *6 (3d Cir. May 26, 2011).

2

The third step of the sequential evaluation requires this Court to consider the specific nature of the claim(s) presented and to determine whether the facts pled to substantiate the claim(s) are sufficient to show a "plausible claim for relief." "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.*; *See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11.

The Court may not dismiss a Complaint (or Counterclaim) merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 556, 563 n.8. Instead, the Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint (or Counterclaim) that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler,* 578 F.3d at 212; *See also Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009).

In short, the Motion to Dismiss should not be granted if a party alleges facts which could, if established at trial, entitle him to relief. *Fowler*, 578 F.3d at 563 n.8.

## II. Factual Background

Many of the underlying facts set forth in Plaintiff's Amended Complaint are undisputed unless otherwise noted. The allegations set forth below in this Court's Opinion are accepted as true solely for the purposes of deciding Defendants' Motion to Dismiss.

On January 8, 2006, Plaintiff was stopped for exceeding the speed limit, and was arrested for driving under the influence of alcohol. See Amended Complaint at doc. no. 16, ¶ 10. On January 18, 2006, Plaintiff was charged with four counts of driving under influence of alcohol in

violation of 75 Pa.C.S. § 3802, and one count of exceeding the maximum speed limit in violation of 75 Pa.C.S. § 3362. Id. at ¶ 12.

At the preliminary hearing, on March 8, 2006, Plaintiff was released on his own recognizance. Id. at ¶13. On May 26, 2006, Plaintiff was admitted into the ARD Program. Id. at ¶ 14. Plaintiff's probation, which was a part of the ARD program, ended on November 26, 2006, but as of that date, Plaintiff had an outstanding balance of $679.17, which he paid in full on March 1, 2007 and received a receipt. Id. at ¶¶ 15-16.

At some point in time (Plaintiff's Complaint does not specify when), the Allegheny County Probation Office made a "Motion to Revoke from Accelerated Rehabilitative Disposition Program" and thereafter, a bench warrant was issued for Plaintiff. Id. at ¶¶ 17-18. Plaintiff was arrested on April 5, 2007, "three days before Easter, by a police officer, at approximately 11:00 PM," and Plaintiff was told that the arrest was due to unpaid fines. Id. at ¶ 19.

Plaintiff was transported to Allegheny County Jail and remained there until April 9, 2007, over the Easter Holiday after it became apparent that he had paid all his outstanding costs relative to the ARD program. Id. at ¶¶ 20, 22. Plaintiff's then criminal lawyer, John R. Banke II, Esquire, spoke with Defendant Mullen, who allegedly apologized for failing to report Plaintiff's payment of $679.17. Id. at ¶ 21.

Plaintiff brought this civil rights lawsuit for wrongful incarceration claiming that he suffered financial damages due to his inability to help run his family-owned pizza shop as well as physical and emotion harm while wrongfully incarcerated. Id. at ¶¶ 23-24.

## III. Discussion

As noted above, Defendants primarily argue that Plaintiff's § 1983 case must be dismissed because Plaintiff failed to timely file this lawsuit within the proscribed statute of limitations period. The United States Court of Appeals for the Third Circuit has consistently held that defendants may raise a statute of limitation as a defense by way of a Motion to Dismiss under Rule 12(b)(6) if the time bar is apparent on the face of the Complaint. See e.g. Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003) ("Third Circuit Rule" permits a limitations defense to be raised by a motion under 12(b)(6) but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.).

Defendant argues – and on this sole point Plaintiff agrees – that the statute of limitations in a § 1983 suit is that provided by the State for personal injury torts. See Wallace v. Kato, 549 U.S. 384, 387 (2007). Under Pennsylvania law, the statute of limitations for personal injury actions such as the one before this Court, would be two years. Kach v. Hose, 589 F.3d 626, 634 (3d Cir.2009), citing 42 Pa.C.S.A. § 5524.

In this case, although the parties agree that Plaintiff had two years to file his § 1983 claim, they do not agree on the precise date from which the § 1983 actually accrued. Moreover, even if the parties agreed upon the actual accrual date, Plaintiff contends that he tolled the two-year statute of limitations for another two years when he filed a Praecipe for Writ of Summons in state court on April 6, 2009.

**1. The Accrual Date**

"The accrual date of a § 1983 cause of action is a question of federal law that is <u>not</u> resolved by reference to state law." <u>Wallace</u>, 549 U.S. at 388 (emphasis in original)[1]. The <u>Wallace</u> Court continued:

> . . . Aspects of § 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles. . . . Under those principles, it is "the standard rule that [accrual occurs] when the plaintiff has 'a complete and present cause of action,' " . . . that is, when "the plaintiff can file suit and obtain relief," . . . .

<u>Id</u>. at 388 (internal case citations omitted).

Expounding on this legal principle, the United States Court of Appeals for the Third Circuit held as follows in <u>Kach</u>:

> Under federal law, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based. . . . The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known. . . . As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury. . . . The cause of action accrues even though the full extent of the injury is not then known or predictable. Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief.

<u>Kach</u> 589 F.3d at 634-5 (internal case citations omitted).

Recently, the Court of Appeals following Supreme Court precedent set forth in <u>Wallace</u> as well as its own precedent in <u>Kach</u> (and its progeny) held, "[a]s we recently explained, "[a]ccrual is the occurrence of damages caused by a wrongful act – when a plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." <u>McCreary v. Redevelopment Authority of The City of Erie</u>, case no.

---

[1] This Court notes that neither party addressed the <u>Wallace</u> decision. The United States Court for the Eastern District of Pennsylvania in <u>Davis v. Malitzki</u> (a substantially similar case to the one at bar) also noted that neither of

6

10-4243, 2011 WL 1848333, *2, (3d Cir. decided May 11, 2011), quoting Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010).

Here, Plaintiff's Amended Complaint asserted a cause of action against each Defendant for "false arrest/imprisonment."[2] Thus, applying the legal principles outlined by the Supreme Court in Wallace and by the Circuit Court in Kach to the facts of this case, Plaintiff's claim for false arrest and imprisonment accrued (and accordingly the two-year statute of limitations began to run) when Plaintiff's false imprisonment came to an end.[3] Plaintiff's Amended Complaint makes it clear that Plaintiff's false imprisonment ended on April 9, 2007. Thus, this Court finds that Plaintiff had two years from April 9, 2007 to file a lawsuit predicated upon false arrest and false imprisonment.

Plaintiff's Complaint was filed in this Court on April 1, 2011, which is clearly outside the two-year time period thereby barring this lawsuit. However, Plaintiff contends that he tolled the two-year statute of limitations for an additional two years by filing a Praecipe for Writ of Summons in state court on April 6, 2009.

---

[2] The Amended Complaint indicates that Plaintiff was arrested <u>after</u> the institution of legal process (see doc. no. 16, at ¶ 18, "a Bench warrant was issued for [Plaintiff] based upon that motion of the Allegheny County Probation Office" and at ¶ 19, "the officer mentioned to [Plaintiff] that [the arrest] involved unpaid fines"), which tends to suggest a cause of action for malicious prosecution which could factually differentiate this case from Wallace. However, the remainder of the Amended Complaint clearly states that Plaintiff is filing a false arrest/imprisonment case. See doc. no. 16, generally. As a result, this Court has determined that Plaintiff is seeking relief predicated upon a cause of action for false arrest/imprisonment and has reviewed the Amended Complaint, the Motion to Dismiss and the Brief in Opposition to the Motion to Dismiss based solely on the false arrest/imprisonment claims. This Court further notes that Wallace commented in a footnote in its own Opinion, it had never "explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983" and declined to do so in the Wallace decision. See Wallace, 549 U.S. at 390, n.2. Similarly here, given the explicitness of the Amended Complaint (which clearly asserts causes of action predicated upon false arrest/imprisonment), this Court will not decide whether a malicious prosecution claim is a legally cognizable one under § 1983.

[3] Plaintiff argues in his Brief that he did not ***know*** of the "'unlawfulness' of his detention until his lawyer told him . . . after his release on April 9, 2009." Doc. no. 20 at p. 5. This Court agrees that although a reasonable person may suspect he was wrongfully imprisoned, he would "know" of the unlawfulness of such a detention only after consulting an attorney.

7

## 2. Tolling the Statute of Limitations

Plaintiff contends that his timely filing of a Praecipe for Writ of Summons in the Court of Common Pleas of Allegheny County[4] tolled the two-year statute of limitations for another two years.[5] See doc. nos. 19 at p. 1 and 20 at pp. 3-4 (". . . Defendant correctly cites Davis to the effect that a writ of summons filed in state court only tolls the statute of limitations for a period of equal to the original statute of limitations (2 years) when the case is removed to federal court . . . . In strictly holding that a writ of summons tolls the statute of limitations *only* when a state court case is removed to federal court (rather than being filed originally in federal court), the Davis court imposes an arbitrary restriction of the filing of 1983 claims . . .").

Plaintiff relies upon Felder v. Casey, 487 U.S. 131 (1988), to support his argument that his Complaint originally filed in federal court on April 1, 2011 was timely. In short, Plaintiff appears to be arguing that by filing a Writ of Summons in state court he was able to toll the two-year statute of limitations for another two years, and thereby enable him to timely file this Complaint in federal court on April 1, 2011. This Court finds that Plaintiff's reliance on Felder is misplaced.

---

[4] This Court takes judicial notice of a lawsuit filed by Plaintiff in the Court of Common Pleas of Allegheny County against Allegheny County, Allegheny Adult Probation, Matt Mullen and Stephen A. Zappala, Jr., at docket no. GD-09-006768. This state court lawsuit incepted on April 6, 2009, when Plaintiff filed a Praecipe for Writ of Summons. On April 7, 2009 the Writ was served on three of the four named defendants, (the Writ expired on May 6, 2009 before service was made on Stephen A. Zappala, Jr.).

[5] This Court believes Plaintiff's legal premise (*i.e.* that simply by filing a Writ of Summons, Plaintiff *automatically* tolled the statute of limitations for an additional two years thereby "extending" his statute of limitations from two years to nearly four years in state court) is fundamentally flawed. See, e.g., Shackelford v. Chester County Hosp., 690 A.2d 732 (1997) (When a plaintiff successfully tolls the applicable statute of limitations on an action by timely issuance and delivery of a Complaint for service, the action is kept alive for a period equal to the original statute of limitations); compare Beck v. Minestrella, 401 A.2d 762 (1979) (stating issuance and delivery of Writ for service keeps action alive for period equal to original period as measured from the filing date of Writ). However, because Defendant does not challenge this premise (see doc. no. 18 at p. 3, ". . . it is true under Pennsylvania law that a properly filed and served Writ of Summons will successfully toll the statute of limitation for a period equal to the original statute of limitations . . ."), this Court will not address the matter.

In Felder, the plaintiff, a Wisconsin resident, claimed he was injured by police officers during an interrogation. 487 U.S at 134. He filed a civil rights action in a Wisconsin state court nine months after the incident without complying with a Wisconsin statute that required him, *inter alia*, to notify the governmental entity and person(s) of the alleged claim and then refrain from filing suit for 120 days after providing such notice. Id. When the plaintiff in Felder failed to comply with this statute, the state courts (trial and appellate) concurred that his civil rights claim had to be dismissed. Id. at 137.

On appeal to the United States Supreme Court, the Court began its analysis by noting that, "[n]o one disputes the general and unassailable proposition . . . that States may establish the rules of procedure governing litigation in their own courts. By the same token, however, where state courts entertain a federally created cause of action, the federal right cannot be defeated by the forms of local practice." 487 U.S. at 138 (internal citation and quote omitted). In addition, the Felder Court stated:

> . . .[W]e have held that a state law that immunizes government conduct otherwise subject to suit under § 1983 is preempted, even where the federal civil rights litigation takes place in state court, because the application of the state immunity law would thwart the congressional remedy, . . . which of course already provides certain immunities for state officials. . . . Similarly, in actions brought in federal courts, we have disapproved the adoption of state statutes of limitation that provide only a truncated period of time within which to file suit, because such statutes inadequately accommodate the complexities of federal civil rights litigation and are thus inconsistent with Congress' compensatory aims.

Id. at 139-40.

In sum, Felder was a case where the Supreme Court would not allow a state procedure to defeat a federally created right, *i.e.* rights created under § 1983. In addition, the Felder Court would not permit a federal court to adopt any state statute (such as the Wisconsin statute at issue in Felder) that would shorten the period of time a person has to file a federal claim.

9

Here, in light of the dearth of case law within this Circuit, there is no question that Pennsylvania's two-year statute of limitations period for bringing a § 1983 claim is not considered a "truncated period of time within which to file suit" as mentioned in Felder. More to the point, Plaintiff in this case does not argue that two years is an inadequate period of time. Rather, Plaintiff is attempting to use Felder to *expand* the time he has to file a federal claim. Plaintiff claims that Felder stands for the proposition that because Pennsylvania courts would allow him to toll the statute of limitations his § 1983 claim for another two years from April 6, 2009 (the date the Praecipe for Writ of Summons was filed), this Court should toll the statute as well. The Court believes this is an inaccurate reading of Felder (and, as noted in footnote 5, quite possibly Pennsylvania state law).

However, this Court first acknowledges that courts within the Third Circuit have recognized situations where the statute of limitations in a federal action may be tolled. See *e.g.* Eubanks v. Clarke, 434 F.Supp. 2d 1022, 1031 (1977) ("We glean from Burnett, Hoosier Cardinal Corp., Holmberg and Moviecolor Limited that federal courts should utilize equitable principles and fashion their own tolling provisions in those infrequent situations where state statutes of limitations effectively deny rights or impede policies created by federal law."); see also Dique v. New Jersey State Police, 603 F.3d 181, 185 (2010) (adopting a state's rule of law whereby the discovery rule tolls the statute of limitations). Importantly, the common denominator in all of these cases is that statute of limitation in each of the cases was tolled either for equitable reasons or where state statutes obstructed or hampered the goals of a federal law. This is not a denominator shared by the case at bar.

Second, this Court acknowledges that there is no federal tolling provision and federal courts generally look to state tolling principles. In Ammlung v. City of Chester, the Court of

10

Appeals stated, "[w]e hold that state tolling principles govern the tolling of the applicable state statutes of limitations arising under 42 U.S.C.A. §1983." Ammlung, 494 F.2d 811, 816 (3d Cir. 1974).

More recently, in McCreary v. Redevelopment Authority of The City of Erie, case no. 10–4243, 2011 WL 1848333 (3d Cir. May 17, 2011), the Court of Appeals dismissed a plaintiff's §§ 1981 and 1983 claims as time-barred when she argued that the statute of limitations on her federal claims had to be tolled during the years she actively pursued relief against the defendant in state court. The Court of Appeals in McCreary held, "[w]e cannot, however, afford tolling for that time because "[t]he running of a Pennsylvania statute of limitations against a federal cause of action is not tolled under Pennsylvania concepts of tolling by the commencement of a similar suit in state court." 2011 WL 1848333 at *4.

Similarly, in Fraser v. Pennsylvania State System of Higher Education, the Eastern District Court of Pennsylvania determined that the two-year statute of limitations on the plaintiff's § 1983 action was not tolled while the plaintiff pursued her administrative and state court proceedings prior to filing her federal lawsuit. Fraser, case no. 92-6210, 1993 WL 456505 (E.D. Pa. November 3, 1993). The Eastern District Court arrived at this conclusion based in part on the Supreme Court decision in Board of Regents of University of State of N. Y. v. Tomanio, 446 U.S. 478 (1980). In Tomanio, the Supreme Court stated, "This Court has not interpreted § 1983 to require a litigant to pursue state judicial remedies prior to commencing an action under this section." 446 U.S. at 491. The district court in Fraser went on to note:

> Pennsylvania has codified two circumstances under which the limitations may be tolled, neither of which applies to the present case. 42 Pa. Cons. Stat. Ann. § 5554 (Purdon 1992) (tolling permitted where accused is continuously absent from Commonwealth and where a prosecution against an accused for the same conduct is pending in the Commonwealth).

> It is well established that state and federal courts have concurrent jurisdiction over § 1983 actions. Maine v. Thiboutot, 448 U.S. 1, 2 n.1 (1980). Tolling is inapplicable under such circumstances.

1993 WL 456505 at *7.

Finally, in Davis v. Malitzki, case no. 09-0739, 2009 WL 3467770 (E.D.Pa. October 27, 2009), the district court dealt with a set of facts substantially similar to those found here.[6] In Davis, the plaintiff was arrested on June 21, 2006, filed a Praecipe for Writ of Summons on June 13, 2008. He claimed this filing tolled the two-year statute of limitations thereby enabling him to timely file his federal lawsuit on February 20, 2009. The district court disagreed, noting, a "writ of summons will generally satisfy the tolling requirement in cases removed to federal court. . . . Unfortunately, for Plaintiff, the instant action was *not* removed to federal court. Rather, Plaintiff commenced this federal lawsuit on February 20, 2009, upon counsel's filing the original Complaint." 2009 WL 3467770 at *4.

Turning to the instant matter, Plaintiff is essentially arguing that the two-year statute of limitations was tolled not by some equitable principle such as the discovery rule, but simply by operation of his filing and serving a Writ in state court. The case law discussed above makes it clear that while equitable tolling is recognized and permitted to extend the time to file a § 1983 action, tolling to allow a plaintiff to pursue her administrative and state court proceedings is not. Plaintiff here admits that her state law claim and the federal claim are identical. See doc. no. 20, p. 4 (". . . the state law claim for which the writ of summons was filed and the federal claim arise from the exact same set of facts and circumstances . . ."). In addition, as noted by the district court in Davis, tolling based on state court filings (such as a Writ of Summons) is particularly distasteful when a plaintiff is in federal court of his or her own choosing, and not

---

[6] Although the Davis case is not binding on this Court, this Court finds that it is persuasive given the other case law discussed, *infra*.

12

because the case is removed to a federal forum. This case, like <u>Davis</u>, was not removed to federal court, but instead, was initiated here – nearly four years after the federal cause of action accrued. Simply stated, if Plaintiff wanted to avail himself of the federal court system, he had two years to do so under Pennsylvania's statute of limitations; and, in order to toll those two years, he had to have an equitable reason for doing so in order to file his Complaint here in April of 2011.

## IV. Conclusion

Plaintiff brought this § 1983 lawsuit in federal district court more than two years after his cause of action accrued. There is no legal basis for tolling the statute limitations here. This case is therefore time-barred will be dismissed with prejudice. An appropriate Order follows.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties